IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHELLBY HORTON and MERINDA WALLER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | CASE NO. 3:13-0437 JUDGE CAMPBELL/KNOWLES |
| CORRECTIONS CORPORATION OF AMERICA and THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss for Failure to Comply With the Court's Order and Memorandum in Support," filed by Defendant Metropolitan Government of Nashville and Davidson County. Docket No. 17.

Defendant Metro previously filed a "Motion to Compel and for Payment of Expenses" (Docket No. 13), which the Court granted in an Order entered January 7, 2014 (Docket No. 16). That Order stated in relevant part:

> For the foregoing reasons, the Motion to Compel is GRANTED. Plaintiffs shall make their initial disclosures as required by Rule 26(a) within fourteen (14) days from the entry of the instant Order. If Plaintiffs fail to do so, the undersigned will recommend that this action be dismissed. Defendant's Motion for Sanctions is taken under advisement pending Plaintiff's opportunity to be heard. If Plaintiffs wish to be heard, they shall file a Response to the instant Order within fourteen (14) days from the date of entry of the instant Order.

Docket No. 16, p. 2.

In the instant Motion, Defendant Metro states that Plaintiffs did not comply with the Court's Order, in that they "did not and have not served their initial disclosures." Docket No. 17, p. 1. Defendant Metro further points out that Plaintiffs did not even respond to their Motion to Compel, nor did Plaintiff file a Response seeking to be heard with regard to the sanction of $250 and attorneys' fees.

As Defendant Metro states:

> The record is filled with ample evidence of the Plaintiffs' repeated delay and contumacious conduct. First, they did not obey the Initial Case Management Order. Second, they did not respond to letter seeking their cooperation. Third, the Plaintiffs failed to respond to the Motion to Compel their initial disclosures. Fourth, the Plaintiffs failed to participate appropriately in this litigation though they were warned of the need to do so. They have disobeyed the Court's order that compelled them to provide their initial disclosures within fourteen (14) days after the Order was entered.

Docket No.17, p. 3.

The Court further notes that Plaintiffs are represented by counsel.

In view of the foregoing, the undersigned recommends that the instant Motion (Docket No.17) be granted and that this action be DISMISSED WITHOUT PREJUDICE.[1] Defendant's request for attorneys fees in the amount of $250 should also be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

---

[1] The only other Defendant in this action, Corrections Corporation of America, was dropped from the case when Plaintiffs filed an Amended Complaint that included no claims or allegations against it. Docket No. 7.

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge